Beet B. Lockwood, J.
The defendant, E. I. Du Pont de Nemours & Company (hereinafter called “Du Pont”) has moved for summary judgment pursuant to rule 113 of the Buies of Civil Practice to dismiss the plaintiff’s amended complaint. In this action, the plaintiff seeks to recover damages against “Du Pont ” and other defendants for the wrongful death of her intestate occasioned by the alleged negligence of the defendants, in causing an explosion which occurred in a water tunnel under construction in the City of Oswego, New York, in which tunnel the plaintiff’s intestate was then working. The defendant, “ Du Pont ”, relies upon a certain paper dated September 30, 1946. It appears the paper was signed in the year 1946 by one Herbert F. Darling when he was engaged in the general contracting business as an individual. It further appears that in the year 1953 said Herbert F. Darling discontinued doing business as an individual and a partnership was formed with Herbert F. Darling’s son to carry on the general contracting business which had previously been carried on by Herbert F. Darling individually.
The partnership known as Herbert F. Darling, General Contractor, is a defendant in this action.
Du Pont claims in substance the paper dated September 30, 1946 is a release and was binding on the defendant partnership, Herbert F. Darling, General Contractor, and the plaintiff herein. It further claims that as a result of said release, a certain employee, Horace A. Nunn, who concededly was at least a general employee of Du Pont, was a special employee of the Herbert F. Darling partnership at the time of the explosion in question. Du Pont further claims that no material issue of fact is involved insofar as Du Pont is concerned and the court should construe the September 30, 1946 writing. Although the Herbert F. Darling partnership was served with copy of the motion papers, it appears the Darling partnership has appeared *602 specially on this motion and contends it has no standing before this court.
The plaintiff has submitted a lengthy affidavit in opposition claiming serious and conflicting issues of fact and of law with respect to the September 30,1946 writing. Among other things, the plaintiff questions the right of Herbert F. Darling as an individual in 1946 to bind the partnership and takes the position such a question can only be determined after a trial and an opportunity of cross-examination has been had. The plaintiff further contends there is a serious question of fact as to whether or not the employee 11 Nunn ’ ’ was in fact engaged in ‘ ‘ blasting work ” at the time of the explosion in question. The plaintiff’s affidavit further sets forth conflicting statements made by “Nunn” and contends there is serious issue involving the credibility of “ Nunn
Plaintiff’s affidavit also contains contentions of other issues of fact.
The burden of proving that the 1946 writing is a valid written agreement releasing the defendant Du Pont and entitling it to a dismissal of the plaintiff’s complaint is upon Du Pont. This court finds there are issues of fact which the plaintiff is entitled to have tried against Du Pont. This court also finds there are questions of law involved in the issues between the plaintiff and “Du Pont” which turn upon questions of fact, which should be determined only upon a record made on a full trial of the case. (Meadow Brook Nat. Bank of Freeport v. Ferkin, 303 N. Y. 853.) The defendant “ Du Font’s ” motion is denied, with $10 costs.